# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EVERLAST WORLD'S BOXING )
HEADQUARTERS CORPORATION, )
                          )
           Plaintiff, )
                          )     Case No.: 13-2150-CM-KGG
RINGSIDE, INC., *et al.*, )
                          )
          Defendants. )
_____ )

## MEMORANDUM & ORDER ON DEFENDANTS' MOTION TO ENFORCE DISCOVERY AND FOR SANCTIONS

Before the Court is the "Motion to Enforce Discovery and for Sanctions"

filed by Defendants. (Doc. 51.) For the reasons set forth below, Defendants'

motion is **GRANTED in part** and **DENIED in part**.[1]

_____

[1] As an initial matter, the Court addresses the "declaration" of attorney Jed Schlacter attached as an exhibit to Plaintiff's response brief. (Doc. 58-1, at 1-19.) To the extent the document contains factual information, the Court will consider it a valid declaration and its contents will be considered as an exhibit to Plaintiff's response. Much of the document, however, contains legal argument, which is in the nature of a pleading, not in the nature of a sworn declaration. This is improper and will not be considered by the Court. Mr. Schlacter is a New York attorney who is not licensed in the state of Kansas. Plaintiff has local counsel from Kansas City, who have filed and signed Plaintiff's response brief. (Doc. 58.) Local counsel has not, however, signed the document containing Schlacter's legal analysis, as required for any "pleadings or other papers singed by an attorney admitted pro hac vice . . . ." D. Kan. Rule 83.5.4(c). Had counsel wanted to include Mr. Schlacter's legal argument in a properly filed brief – signed by local counsel – they could, and should, have done so. They did not. As such, any legal argument contained in Mr. Schlacter's "declaration" (Doc. 58-1, at 1-19) will not be considered by the Court.

## BACKGROUND

The present action was filed on July 9, 2012, in the United States District Court for the Southern District of New York.  Claims were asserted against the various Defendants for breach of contract, trademark infringement, false designation of origin and unfair competition, trademark dilution, and unjust enrichment.  (Doc. 1.)  In August 2012, Defendants moved to dismiss the Complaint or, in the alternative, transfer it to the District of Kansas.  (Doc. 6.)

Defendant Ringside filed Suggestions of Bankruptcy in November 2012, in the United States Bankruptcy Court for the District of Kansas.  (Doc. 17.)  This triggered an automatic bankruptcy stay.  The present action was transferred to the District of Kansas on March 13, 2013.  (Doc. 22.)

Judge Berger of the United States Bankruptcy Court for the District of Kansas denied the Motion to Enforce Automatic Stay regarding Plaintiff's claims against Defendants RAL and Combat, by Order dated September 27, 2013.  This permitted those counts to go forward in this Court.  (*See* Doc. 37, at 7.)  Plaintiff filed a Motion to Amend the Complaint (Doc. 36) on December 2, 2013, which was granted on December 23, 2013 (Doc. 41).

Defendants served the discovery at issue on December 6, 2013.  (Doc. 39.)  A Scheduling Order was entered on January 28, 2014, which included the

2

following in regard to this discovery:  "Defendants' discovery originally served in December 2013, shall be deemed to have been served on Plaintiff on January 8, 2014, for purposes of calculating a response date."  (Doc. 48, at 5.)  This adjustment was made because discovery was served before the Rule 26(f) conference in violation of Rule 26(d)(1).  Plaintiff's responses were, therefore, due on or before February 7, 2014.  Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A).  Having received no discovery responses, defense counsel sent correspondence to Plaintiff's counsel on February 14, 2014.  (Doc. 52, at 7.)  Without responding to defense counsel's communication, Plaintiff served discovery responses, largely consisting of unsupported objections (discussed *infra*), on February 19, 2014.  (*See* Docs. 53-3, 53-4, 53-5.)  Further, Plaintiff produced no responsive documents in response to the discovery requests.  These responses are the subject of the present motion.  Defense counsel made sufficient effort to communicate with Plaintiff's counsel in compliance with D. Kan. Rule 37.2 prior to filing the present motion. (Doc. 52, at 7-11.)

## DISCUSSION

### A.    Timeliness Objection.

Defendants object that Plaintiff's discovery responses were 12 days late "[w]ithout seeking leave of Court or an extension from defense counsel . . . ."

(Doc. 52, at 12.)  According to Fed.R.Civ.P. 33(b), a "responding party **must** serve its answers and any objections within 30 days after being served with the interrogatories."  (Emphasis added.)  The rule continues that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  *Id*., at (b)(4).[2]  These same parameters apply to document requests under Fed.R.Civ.P. 34, absent the signature requirement.  To establish "good cause," a party must show

> 'at least as much as would be required to show excusable neglect.'  The party failing to assert timely objections must show it could not have reasonably met the deadline to respond despite due diligence.  Mistake of counsel, ignorance of the rules, or lack of prejudice to the opposing party generally does not constitute 'good cause.'

*Linnebur v. United Telephone Ass'n*, 10-1379-RDR, 2012 WL 1183073, at *6 (D. Kan. April 9, 2012).

Plaintiff responds that there are "extenuating circumstances" that establish the requisite "good cause" to allow it to serve responses to discovery out of time.  (Doc. 58, at 2.)  According to Plaintiff's counsel, good cause is established by the

---

[2]  The rule also requires that the answers be signed by the person making them, with the attorney signing any objections.  *Id*., at (b)(5).  Plaintiff is instructed to comply with this portion of the rule when submitting its supplemental responses as Ordered herein.

4

fact that he "is a practitioner with one associate . . . with limited resources to review, analyze and respond to such broad and expansive discovery requests." (*Id*., at 2-3.)  Further, Plaintiff's counsel contends that Plaintiff and its parent company "have executives spread throughout the country and internationally . . . making it quite challenging to address this breadth of discovery in a compressed time frame."  (*Id*., at 3.)

The Court is not persuaded by Plaintiff's reasoning.  Plaintiff's counsel was aware of the resources of his firm and the international status of his client at the time he chose to initiate this lawsuit.  While these issues may have made it difficult for Plaintiff's counsel to timely respond to the discovery requests, they do no excuse Plaintiff's failure to request a timely extension to do so.  Plaintiff also has local counsel who are, or should, be available to be involved in this litigation as needed.  Further, as discussed above, Plaintiff was given an additional 30 days to respond to the discovery requests per the Court's Scheduling Order.  (Doc. 48, at 5.)  Finally, the Court is unpersuaded by Plaintiff's argument that its failure should be excused by Defendants' alleged persistent failure to meet case deadlines.  (Doc. 48, at 6.)  Whether or not this is true, it is completely irrelevant to the issue of whether Plaintiff filed timely discovery responses and/or has established good cause for the failure to do so.

5

Given the obstructive nature of Plaintiff's discovery responses, discussed *infra*, the Court does not find that the failure to respond in a timely manner – or request a timely extension to do so – is supported by good cause. Rather than deem all of Plaintiff's objections waived, however, the Court will address the discovery issues on their merits.

**B.      General and Conditional Objections.**

Plaintiff's discovery responses all begin with a series of "General Objections," which include the following:

> 4.      Plaintiff objects to the requests to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, joint defense privilege, or any other lawfully recognized privilege or immunity. Inadvertent production of any such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, or any information obtained therefrom, or with respect to the subject matter thereof. Nor shall such inadvertent production waive Plaintiff's right to object to the use of any such information, or the information obtained therefrom, during any subsequent proceedings.
>
> 5.      Plaintiff objects to each request that seeks information that is confidential, proprietary, or in the nature of trade secret. Plaintiff will produce such documents, if properly producible, only pursuant to entry of a protective order limiting dissemination of such documents.
>
> 6.      Plaintiff objects to each request to the extent that they fail to identify a proper time frame for responsive information.

6

(Doc. 53-3, 53-4, 53-5, at 2-3.)

This Court has specifically held that "[t]hese type of objections are, at best, worthless and improper." ***Martin K. Eby Const. Co., Inc. v. OneBeacon Ins. Co***., 08-1250-MLB-KGG, 2012 WL 1080801 (D. Kan. March 29, 2012) (citing ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 660-61 (D. Kan. 2004). "'Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery.'" *Id.* At worst, these types of objections leave the requesting party "unsure whether or not the objection correlates to withheld information." These general objections (Doc. 53-3, 53-4, 53-5, at 2-3) are, therefore, **overruled**.

The Court is equally disapproving of "conditional responses." Such responses occur when "a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections." ***Westlake v. BMO Harris Bank N.A.***, 2014 WL 1012669, *3 (D. Kan. March 17, 2014) (citing ***Sprint Comm'n Co., L.P. v. Comcast Cable Comm'n, LLC***, Nos. 11–2684–JWL, 11–2685–JWL, 11–2686–JWL, 2014 WL 54544, *2, 3 (D.Kan. Feb. 11, 2014). The Court is in agreement with the ***Sprint*** decision that found such conditional responses to be "invalid," "unsustainable," and to "violate common sense." 2014

7

WL 54544, *2, 3.  All such conditional responses are improper and Plaintiff is instructed to provide supplemental responses without such language.  Given these initial rulings, the Court's analysis will now turn to the remaining disputes between the parties.

**C.    Standards for Discovery.**

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Courts of this District have long held that "'[d]iscovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).

Discovery requests must be relevant on their face.  ***Williams v. Bd. of***

8

*County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000).  Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.  *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited.  If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence.  *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995).

Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad."  *Id.*, 650.  "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections."  *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n. 36 (D.Kan.2004) (citing *Hammond v. Lowe's Home Ctrs., Inc*., 216 F.R.D. 666, 670 (D.Kan. 2003)); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery

request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").  Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable."  *Sonnino*, 221 F.R.D. at 670–71 (internal citation omitted).  The Court will examine the remaining discovery issues in this context.

**D.     Boilerplate Objections.**

Defendants complain that "on numerous occasions throughout its discovery responses, [Plaintiff] repeatedly raises the same monotonous objections that the requests or interrogatories are vague, overly broad, burdensome, or not relevant, without any substantive discussion."  (Doc. 52, at 13.)  Such objections have been raised in response to virtually all of the Requests for Production and Interrogatories discussed in Section E., *infra*.

The objections contained in Plaintiff's underlying discovery responses are, for the most part, the epitome of boilerplate objections.  As stated above, Courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad."  *Gheesling*, 162 F.R.D. at 650.  Plaintiff makes little or no effort to explain why it finds the discovery requests to be overbroad, burdensome, irrelevant, or not reasonably

calculated.  The Court will further address this issue in regard to specific discovery requests in the remaining portion of this Order.

**E.    Specific Discovery Requests.**

**1.    Request for Admission No. 1.**

Request for Admission No. 1 asks Plaintiff to admit that "§18.6.3 of the Boxing Products License Agreement does not specifically provide that, upon termination of that agreement, [Plaintiff] could require [Defendant] Ringside to sell no Licensed Products."  (Doc. 53-5, at 3.)  Without any explanation, Plaintiff objects that this is "an improper request for admission."  This conclusory objection is **overruled**.

The remainder of Plaintiff's response "refers" the Court and Defendants "to all of the provisions of the License Agreement, as amended, to which reference is made."  (*Id.*)  The response continues that "[n]otwithstanding such objections, plaintiff denies this request."  Defendants argue that the answer is "evasive and not made in good faith and should be deemed admitted."  (Doc. 52, at 17.)  While the Court finds little or no substantive value to Plaintiff's reference to "all the provisions of the License Agreement," the Court sees no basis to deem the request admitted.  Despite the limited value of the first two sentences of Plaintiff's response, that language does not contradict or negate the fact that the final sentence

11

unequivocally denies the Request for Admission.  Plaintiff is, however, encouraged to review the language of §18.6.3 of the Boxing Products License Agreement and supplement its response, if necessary, given the Court's ruling herein.

### 2.    Request for Production No. 1.

Request for Production No. 1 seeks "[a]ll documents identified, relied upon, or referenced in your respective responses to the forgoing Interrogatories."  (Doc. 53-4, at 3.)  Plaintiff objects that "on the grounds of vagueness, overbreadth, burden, relevance, and as not reasonably calculated to lead to the discovery of admissible evidence."  (*Id.*)  These unfounded, boilerplate objections are **overruled** summarily.

Subject to the stated objections, Plaintiff then refers Defendants to "Bates Nos. E-0156 through 0243 previously produced; and see Trademark registrations available at the Patent and Trademark Office website."  (*Id.*)  The Court orders Plaintiff to produce any trademark registrations in its possession, custody, or control that it relied upon in responding to Defendants' interrogatories, regardless of their availability on a website.  The Court also encourages Plaintiff to review its response to the document request and verify that previously produced documents Bates Nos. E-0156 through 0243 are the only other documents in its possession, custody, and control that are responsive to this document request.

### 3.      Request No. 2.

This document request seeks "[a]ll non-privileged and non-work product documents that relate in any way to the Petition."  (Doc. 53-4, at 3.)  Plaintiff objects that the request is vague, overbroad, burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  (*Id*.)  The Court finds that the request, on its face, is overly broad.

> 'Relates to' and 'pertains to' are considered 'omnibus terms.' It is well established
>
> > that Courts in this District have held that a discovery request may be facially overly broad if it uses an 'omnibus term' such as 'relating to,' 'pertaining to,' or 'concerning.' ***Johnson v. Kraft Foods North America, Inc.***, 238 F.R.D. 648, 658 (D.Kan.2006) (citing ***Cardenas v. Dorel Juvenile Group, Inc***., 232 F.R.D. 377, 382 (D.Kan.2005) (internal citations omitted)).  'That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents.'  *Id.  See also* ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 667 (D.Kan.2004); ***Aikens v. Deluxe Fin. Servs., Inc.***, 217 F.R.D. 533, 538 (D.Kan.2003).
> >
> > Courts want to avoid a situation in which a party upon whom discovery is served needs 'either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.'  *Id.*  'When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general

> categories of information or documents, the request will not be deemed objectionable on its face.' *Id.*

> *Union Pacific R. Co. Y. Grede Foundries, Inc.*, No. 07–1279–MLB–DWB, 2008 WL 4148591, at *4 (D.Kan. Sept.3, 2008).

*U.S. v. Dillard*, No. 11-1098-JTM-KGG, 2013 WL 74316, *2-3 (D. Kan. Jan. 7, 2013).

In regard to the discovery request at issue, the omnibus term "relates to" modifies Plaintiff's Petition.  As such, it facially encompasses every aspect of Plaintiff's case and, thus, the broadest possible range of documents.  There is no sufficient modification of the omnibus term.  Defendants' motion is **DENIED** in regard to Request for Production No. 2.

### 4.    Request No. 4.

This request seeks "[t]he PowerPoint referenced in the email from Gary Dailey (Everlast) to Joe Taylor, dated June 14, 2011." (Doc. 53-4, at 4.)  Plaintiff objects that the information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  (*Id.*)  The Court finds that Defendants have adequately stated the relevance of the information at issue.  (*See* Doc. 52, at 19.) Plaintiff's objections are **overruled** and Defendants' motion is **GRANTED** in regard to Request No. 4.

14

### 5.      Request Nos. 6 and 7.

Request for Production No. 6 asks for "[a]ll organizational charts for Everlast since January 1, 2009." (Doc. 53-4, at 4.)  Request No. 7 seeks these charts for IBML. (*Id*.)  Plaintiff objects as to "vagueness, overbreadth, burden, relevance, and as not reasonably calculated to lead to the discovery of admissible evidence." (*Id*.)  Plaintiff's objections are summarily **overruled** as conclusory, boilerplate objections.  Defendants' motion is **GRANTED** in regard to Requests Nos. 6 and 7.

### 6.      Request No. 8.

This request seeks internal correspondence and documents related to Defendant Ringside regarding various enumerated categories. (*See* Doc. 53-4, at 4-5.)  With no substantive discussion of the bases for the objections, Plaintiff objects as to "vagueness, overbreadth, burden, relevance, and as not reasonably calculated to lead to the discovery of admissible evidence." (*Id*., at 5.)  Plaintiff's objections are summarily **overruled** as conclusory, boilerplate objections.  The Court finds the information requested to be sufficiently specific and clearly within the broad definition of discovery relevance.  Defendants' motion is **GRANTED** in regard to Request No. 8.

### 7.      Requests Nos. 9-16.

15

Request No. 9 asks for "[a]ny and all e-mails, letters, correspondence between Everlast (including its agents and attorneys) and Vince O'Flaherty." Request No. 10 seeks "[a]ll and all e-mails, letters, correspondence between Everlast (including its agents and attorneys) and Scott Ast prior to the point at which Everlast engaged Ast as counsel.  Request No. 11 seeks "[a]ll correspondence, analyses, valuations, e-mails, or other documents related to any proposal made by Everlast to Vince O'Flarety as a representative of the unsecured creditors committee."  Request No. 12 asks for "[a]ll phone records (both land line and cell phone) of Neil Morton, any Everlast Employee, or Everlast agent that indicate a phone call with any of the following: Vincent F. O'Flaherty, Brian Madden and/or Tyler Hudson of Wagstaff & Cartmell, LLP, or Joe Taylor. Request No. 13 seeks "[a]ll phone records (both land line and cell phone) of Neil Morton, any Everlast Employee, or Everlast agent showing a telephone call to any (913) or (816) area code since September 1, 2010.  (Any calls to local counsel can be redacted.)"  Request No. 14 asks for "[a]ll communications of any sort, written, verbal, and any notes taken contemporaneous to any conversation between Neil Morton or any Everlast employee or agent, on the one hand, and (a) Joe Taylor, (b) Robert Lynn (ANB Bank), or (c) John Brown, on the other."  Request No. 15 asks for "[a]ny and all documents, including emails, that have Joe Taylor's name in

16

them or are directed to, received from, or otherwise pertain to Joe Taylor."

Request No. 16 seeks "[a]ny and all communications related to Vince O'Flarety's

appointment as Unsecured Creditors's Committee counsel."  (*See* Doc. 53-4, at 6-

7.)

In response to each of these discovery requests, Plaintiff raises the exact

same boilerplate objections as to "vagueness, overbreadth, burden, relevance, and

as not reasonably calculated to lead to the discovery of admissible evidence."  (*Id*.)

The Court finds Plaintiff's objections to be conclusory and summarily **overrules**

them.

In its responsive brief, Plaintiff objects for the first time that Requests Nos.

9, 11, 12, and 16 "are directed at the Ringside bankruptcy, not this trademark

infringement action."  (Doc. 58, at 8.)  Plaintiff did not, however, raise this

objection in its underlying discovery responses.  As such, the objection is deemed

waived. ***Paolucci v. Render Kamas Law Firm***, No. 12-1253-MLB-KGG, 2013

WL 3189082, *1 (D. Kan. June 21, 2013).  Defendants' motion is **GRANTED** in

regard to Requests Nos. 9-16.

### 8.    Request No. 18.

Request for Production No. 18 seeks "[a]ny written analysis, notes,

memoranda on the actual damages incurred by Everlast as a result of any of the

causes of action." (Doc. 53-4, at 8.) Plaintiff objects "to the extent it seeks documents covered by any privilege," but states that "upon information and belief, no non-privileged documents presently exist."

Defendants argue that "this is not even remotely credible" because Plaintiff "cannot come into court claiming millions of dollars of damages without having performed some analysis as to the revenue it purportedly lost . . . ." (Doc. 52, at 27.) The Court agrees that it is unlikely that Plaintiff has brought this lawsuit without conducting some type of damage analysis. It is, however, possible that any and all such documents have been done by or at the direction of counsel in anticipation of litigation. As such, Plaintiff is ordered to provide a privilege log encompassing any and all responsive documents being withheld on a claim of privilege. Plaintiff is directed to this Court's prior decisions of ***Helget v. City of Hays***, No. 13-2228-KHV-KGG, 2014 WL 1308890 (D. Kan. March 28, 2014) and ***Kear v. Kohl's Dept. Stores, Inc.***, No. 12–1235–JAR–KGG, 2013 WL 3088922, *3 (D. Kan. June 18, 2013) for discussions as to what constitutes an adequate privilege log providing sufficient information to allow the other party assess the claimed to privilege. Plaintiff is further ordered to produce any responsive, non-privileged documents.

**9.     Request No. 19.**

18

This document request asks for Plaintiff's "monthly financial statements for 2011, 2012, and 2013." (Doc. 53-4, at 8.)  With no substantive explanation, Plaintiff objects as to "vagueness, overbreadth, burden, relevance, and as not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*)  The Court again finds Plaintiff's boilerplate objections to be conclusory and summarily **overrules** them.  Defendants' motion is **GRANTED** in regard to Request No. 19.

### 10.    Interrogatory No. 4.

Interrogatory No. 4 asks Plaintiff to "[l]ist the officers and directors of plaintiff since January 1, 2008." (Doc. 53-3, at 4.)  Plaintiff objects as to "relevance, and as not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*)  Defendants argue they have the "right to know who may have knowledge and facts pertaining to this matter so that they may fashion appropriate discovery and obtain deposition testimony from knowledgeable persons." (Doc. 52, at 28.)  Defendants have established the relevance of the interrogatory.  Plaintiff's unsupported, boilerplate objections are **overruled** and Defendants' motion is **GRANTED** in regard to Interrogatory No. 4.

### 11.    Interrogatory No. 6.

This discovery request asks Plaintiff to "[s]pecify all agreements between plaintiff and International Brand Management Limited ('IBML') pursuant to which

19

IBML employees and/or agents have acted as an agent or otherwise on behalf of plaintiff." (Doc. 53-3, at 4.) Plaintiff objects as to "vagueness, overbreadth, burden, relevance, and as not reasonably calculated to lead to the discovery of admissible evidence." (*Id*.) The Court finds this interrogatory to be facially relevant and sufficiently specific. Further, Plaintiff has made no attempt to establish how responding to this interrogatory would be overly burdensome. Plaintiff's objections are **overruled** and Defendants' Motion is **GRANTED** in regard to Interrogatory No. 6.

### 12. Interrogatory No. 7.

Interrogatory No. 7 seeks "the consideration provided to Ringside to support removing from the Boxing Products License Agreement Ringside's right to cancel without cause." (Doc. 53-3, at 4.) Plaintiff objects as to "vagueness, relevance, and as not reasonably calculated to lead to the discovery of admissible evidence." (*Id*.) Defendants have adequately established the relevance of the request. (*See* Doc. 52, at 29-30). Plaintiff has made no attempt to establish vagueness or irrelevance of the interrogatory. Plaintiff's unsupported, boilerplate objections are **overruled** and Defendants' Motion is **GRANTED** in regard to Interrogatory No. 7.

### 13. Interrogatory No. 8.

20

This interrogatory asks Plaintiff to "[l]ist all of the agreements that have been in effect between plaintiff and any defendant." (Doc. 53-3, at 4.) Plaintiff responded that it

> was a party to agreements between plaintiff and Ringside, Inc., which is a defendant in name only in this matter, as all matters against it are currently stayed by virtue of its bankruptcy proceeding. Said agreements have been produced by plaintiff as Bates Nos. E-0156 through 0243. Any further response must await production of discovery by the defendants herein.

(*Id*.) Defendants argue that Plaintiff "cannot condition its providing responsive documents upon future discovery responses by defendants" and that Plaintiff "should be compelled to produce the balance of all such contracts." (*Id*.) The Court agrees that this is not a valid reason to withhold a discovery response. To the extent Plaintiff was a party to any such agreements, it is required to produce any documents in its possession, custody, or control. Defendants' Motion is **GRANTED** in regard to Interrogatory No. 8.

### 14.    Interrogatory No. 9.

Interrogatory No. 9 instructs Plaintiff to "[l]ist all non-attorney-client privileged communications, including email, telephone, text messaging, or otherwise, between any person acting on Everlast's behalf and Joe Taylor." (Doc. 53-3, at 4.) Without attempting to substantiate its position, Plaintiff objects as to

"vagueness, overbreadth, burden, relevance, and as not reasonably calculated to lead to the discovery of admissible evidence." (*Id*.) Defendants have established the relevance of the requested information. Plaintiff has failed to address the issues of vagueness, overbreadth, and burdensomeness. Plaintiff's unsupported, boilerplate objections are **overruled** and Defendants' Motion is **GRANTED** in regard to Interrogatory No. 9.

### 15. Interrogatory No. 10.

This discovery request asks Plaintiff to "[d]escribe in detail the bases for any denial of any of the Requests for Admission included with this set of written discovery." (Doc. 53-3, at 4.) Plaintiff's discovery response referred Defendants to the actual document to which Request for Admission No. 1 makes reference." (*Id*.) Defendants argue that this response is "evasive." (Doc. 52, at 31.) The Court agrees. Defendants have asked for a detailed description of the bases for any such denials. Plaintiff is instructed to do so. Defendants' Motion is **GRANTED** in regard to Interrogatory No. 10.

### F. Sanctions.

Defendants' motion also seeks a variety of sanctions against Plaintiff including attorneys's fees. (Doc. 52, at 33-34.) An award of sanctions in a discovery dispute is governed by Fed.R.Civ.P. 37, which provides in relevant part

"that a court may impose sanctions against a party who fails to serve answers or objections" to discovery requests. ***Torres v. Bodycote Intern, Inc.***, No. 13-1245-EFM-KGG, 2014 WL 559070, *1-2 (D. Kan. Feb. 13, 2014).  Rule 37(a)(5) states that if a motion to compel is granted, "the court ***must*** . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed.R.Civ.P. 37(a)(5) (emphasis added). *See also* ***Kear v. Kohl's Dept. Stores, Inc.***, No. 12-1235-JAR-KGG, 2013 W 3088922, *6 (D.Kan. June 18, 2013).  However, "the court must not order payment" when the nonmovant's conduct was"substantially justified . . . ."

The purpose of sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. ***National Hockey League v. Metropolitan Hockey Club, Inc.***, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).  "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer."  ***White v. GMC***, 908 F.2d 675, 685 (10th Cir.1990).

Based on the foregoing analysis, the Court finds that Plaintiff's position in regard to the vast majority of these discovery disputes was unreasonable and, therefore, not substantially justified.  Most of Plaintiff's discovery responses

23

consisted entirely of unsupported boilerplate objections which were summarily overruled by the Court.  Plaintiff has failed to provide the Court with substantial justification for its actions and, more importantly, inaction in regard to the discovery at issue.  Plaintiff provided no justification for failing to respond to discovery in a timely fashion or failing to request a timely extension.  The Court will, therefore, require Defendants to submit, **within fourteen (14) days of this Order**, a verified accounting of their reasonable attorneys fees and expenses associated with the filing of the underlying motion to compel.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Enforce Discovery and for Sanctions (Doc. 51) is **GRANTED in part** and **DENIED in part** as more fully set forth above.  Plaintiff shall provide supplemental discovery responses consistent with the terms of this Order, without objection, **within thirty (30) days of the date of this Order**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 23rd day of June, 2014.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge