IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVERLAST WORLD'S BOXING )
HEADQUARTERS CORPORATION, )
                                                           )
                         Plaintiff, )
                                                           )   Case No.: 13-2150-CM-KGG
RINGSIDE, INC., *et al.*, )
                                                           )
                         Defendants. )
_____ )

**MEMORANDUM & ORDER ON
PLAINTIFF'S MOTION TO COMPEL
<u>AND ORDER TO SHOW CAUSE</u>**

Before the Court is the "Motion to Compel Production of Documents" (Doc. 75) filed by Plaintiff. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

### BACKGROUND

The background of this case was recently summarized in this Court's Order of June 23, 2014 (Doc. 71), granting in part and denying in part Defendant's "Motion to Enforce Discovery and for Sanctions." That summary stated in part

> [t]he present action was filed on July 9, 2012, in the United States District Court for the Southern District of New York. Claims were asserted against the various Defendants for breach of contract, trademark infringement, false designation of origin and unfair competition, trademark dilution, and unjust enrichment.

> (Doc. 1.) In August 2012, Defendants moved to dismiss the Complaint or, in the alternative, transfer it to the District of Kansas. (Doc. 6.)
> Defendant Ringside filed Suggestions of Bankruptcy in November 2012, in the United States Bankruptcy Court for the District of Kansas. (Doc. 17.) This triggered an automatic bankruptcy stay. The present action was transferred to the District of Kansas on March 13, 2013. (Doc. 22.)
> Judge Berger of the United States Bankruptcy Court for the District of Kansas denied the Motion to Enforce Automatic Stay regarding Plaintiff's claims against Defendants RAL and Combat, by Order dated September 27, 2013. This permitted those counts to go forward in this Court. (*See* Doc. 37, at 7.) Plaintiff filed a Motion to Amend the Complaint (Doc. 36) on December 2, 2013, which was granted on December 23, 2013 (Doc. 41).

(Doc. 71, at 1-2.)

The document requests at issue were served on March 27, 2014. (Doc. 60.) Defendant received an extension to respond to the requests and ultimately served a notice of "responses" on May 5, 2014, but no documents were actually produced. (Doc. 76, at 3; Doc. 67.) Plaintiff's counsel made sufficient effort to communicate with opposing counsel in compliance with D. Kan. Rule 37.2 prior to filing the present motion, despite defense counsel's blatant disregard for the conferral process. (Doc. 76, at 3-7.[1]) Plaintiff's counsel made numerous inquiries with

---

[1] Because Defendant's response to Plaintiff's motion fails to address these factual contentions, the Court accepts them as true for the purposes of this motion.

defense counsel as to when documents would be produced.  The inquiries were either ignored or were given blatantly misleading responses, including an instance in which defense counsel failed to attend a meeting scheduled <u>in defense counsel's own office</u> to discuss these discovery issues.  (*Id*., at 5.)

Based on representations from opposing counsel, Plaintiff sought two extensions to file the present motion, which was filed on July 3, 2014.  Defendant also sought and received two extensions to respond to Plaintiff's motion.

## DISCUSSION

**A.  Standards for Discovery.**

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Courts of this District have long held that "'[d]iscovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any

3

possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995).

Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Id.*, 650. "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n.

36 (D.Kan.2004) (citing *Hammond v. Lowe's Home Ctrs., Inc*., 216 F.R.D. 666, 670 (D.Kan. 2003)); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").  Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable."  *Sonnino*, 221 F.R.D. at 670–71 (internal citation omitted).  The Court will examine the remaining discovery issues in this context.

**B.    Delayed Responses.**

Plaintiff argues that in response to Requests for Production Nos. 1-4, 6-8, 12-19, 21, and 29,[2] Defendants respond that "[n]on-privileged information will be produced to the extent they [sic] exist and haven't already been produced."  (Doc. 76, at 8; Doc. 75-1, at 1-9, 11.)   These responses were made on May 5, 2014, and, as of the filing of the present motion, no documents had been produced.  Plaintiff's motion is **GRANTED** in regard to these document requests and Defendant is

---

[2] In response to Requests Nos. 7, 8, and 29, Defendants merely respond that the documents "[w]ill be produced."  (Doc. 75-1, at 11.)  Defendant is ordered to produce the documents, without objection, in accordance to the terms of this Order.

**ORDERED** to produce responsive documents pursuant to this Order.

**B.     Conditional Responses.**

In response to Requests Nos. 1, 2, 4, 6, and 13, Defendant stated that "non-privileged information will be produced to the extent they exist and haven't already been produced."[3] (Doc. 76, at 8; Doc. 75-1, at 1-6.) The Court has previously voiced its disapproval in this case for "conditional responses" in regard to discovery responses in this case. (Doc. 71, at 7.) *See* **Westlake v. BMO Harris Bank N.A.**, 2014 WL 1012669, *3 (D. Kan. March 17, 2014) (citing **Sprint Comm'n Co., L.P. v. Comcast Cable Comm'n, LLC**, Nos. 11–2684–JWL, 11–2685–JWL, 11–2686–JWL, 2014 WL 54544, *2, 3 (D.Kan. Feb. 11, 2014). The Court is in agreement with the **Sprint** decision that found such conditional responses to be "invalid," "unsustainable," and to "violate common sense." 2014 WL 54544, *2, 3. All such conditional responses are improper and Defendants are instructed to provide supplemental responses without such language. Further, as to responsive documents that have "already been produced," Defendants are instructed to identify by Bates number any previously produced material that is responsive to the requests at issue.

---

[3] Defendants responses include several other answers with this same wording. Plaintiff has, however, only addressed the responses to Requests Nos. 1, 2, 4, 6, and 13 in its motion.

**D.     Boilerplate Objections.**

Plaintiff argues that Defendant raised boilerplate objections in response to Requests Nos. 20, 22-26, 28-40, by failing to "describe or specify how these requests are vague, ambiguous, and overly burdensome."[4]  (Doc. 76, at 9; *see also* Doc. 75-1, at 8-16.)  Plaintiff also contends that Defendants' relevance objections to Requests Nos. 23-26, 28, and 30-40 are also boilerplate.  (Doc. 76, at 10-12; *see also* Doc. 75-1, at 9-15.)

As stated previously, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad."  ***Gheesling***, 162 F.R.D. at 650.  Defendants' responses are the most glaring examples of boilerplate objections.  Defendants merely provide a laundry list of objections then wholly fail to provide even the slightest explanation as to why they find the discovery requests to be vague, ambiguous, unduly burdensome, overbroad, and/or irrelevant.  (Doc. 75-1, at 8-15.)  Plaintiff has adequately established the relevance of these requests (*see* Doc. 76, at 10-12) and Defendants make no effort in their responsive brief to contradict these arguments.  Plaintiff's motion is, therefore, **GRANTED** in regard to these Requests.

---

[4]  Defendant's response to Request No. 29 does not contain any objections, boilerplate or otherwise.

Defendant is ordered to provide supplemental responses without such objections and to produce any documents withheld on the basis of any of these objections.

**E.     Privilege Log.**

Plaintiff argues that Defendants have not produced a Fed.R.Civ.P. 26(b)(5) privilege log, although Defendants have raised the attorney-client privilege in regard to Requests Nos. 1-6, 12-21, 24-28, 30-45 and the work product doctrine in response to Requests Nos. 1-6, 12-21, 27-28, and 30-45.[5]  Defendants are ordered to provide a privilege log encompassing any and all responsive documents being withheld on a claim of the attorney-client privilege or the work product doctrine. Defendants are directed to this Court's prior decisions of ***Helget v. City of Hays***, No. 13-2228-KHV-KGG, 2014 WL 1308890 (D. Kan. March 28, 2014) and ***Kear v. Kohl's Dept. Stores, Inc.***, No. 12–1235–JAR–KGG, 2013 WL 3088922, *3 (D. Kan. June 18, 2013) for discussions as to what constitutes an adequate privilege log providing sufficient information to allow the other party assess the claimed to privilege.  Defendants are further ordered to produce any responsive, non-privileged documents and are instructed that any additional failure or delay in providing a <u>sufficient</u> privilege log will result in the Court deeming the privilege to

---

[5]  The Court notes that Defendants have also raised the attorney-client privilege and work product doctrine in response to Request No. 46.  (Doc. 75-1, at 17-18.)

8

have been waived.

**F.     Documents Previously Produced.**

In response to Requests Nos. 36, and 38-44, Defendants state that "responsive documents have previously been produced . . . ."[6] (Doc. 76, at 14; Doc. 75-1, at 14-.)  Plaintiff argues, however, that it was improper for Defendants to fail to "indicate what documents, previously produced, are responsive to each request." (*Id.*)  The Court agrees.  Defendants are instructed to identify by Bates number any previously produced material that is responsive to the requests at issue.

**G.     Request No. 25.**

This request seeks "all documents previously included in the Combat Brands website which refer to Everlast or Everlast branded merchandise, including but not limited to any website pages removed from the site." (Doc. 75-1, at 10.)  After stating various boilerplate objections (addressed *supra*), Defendants object that the information is "equally accessible" to Everlast.  (*Id.*)  Plaintiff argues this response is illogical as it relates to pages that have been *removed* and are, therefore, *inaccessible* by their very nature.  The Court agrees.  Plaintiff's motion is

---

[6] Defendants make the same response to Requests Nos. 45 and 46.  The Court's Order shall apply to these responses as well.

**GRANTED** in regard to Request No. 25.  Defendants are ordered to produce all documents relating to web pages of Everlast merchandise since Combat Brands took ownership or control of the website including, but not limited to, those removed from the website.

## H.  Request No. 10.

Finally, Plaintiff points out that Defendants did not respond or object to Plaintiff's Request No. 10.  Defendant is ordered to respond, without objection as all objections have been waived by Defendant's failure to respond.

## I.  Continuing Discovery.

In their discovery responses, Defendants make frequent reference to the fact that "discovery in this case is continuing and such Documents have not yet all been obtained."  (*See generally* Doc. 75-1.)  Plaintiff does not take issue with this statement in its motion. Defendants do, however, focus on this issue in their response.  As such, the Court is compelled to address it.

In their responsive brief, Defendants argue that "several of plaintiff's RFPs cannot be responded to until defendants receive all of plaintiff's court-ordered production . . . ."  (Doc. 93, at 1.)  Fed.R.Civ.P. 34 document requests are directed at "items in the responding party's possession, custody, or control . . . ." Defendants position that it cannot respond to Plaintiff's document requests until it

receives all of the documents Plaintiff has been required to produce is nonsensical and disingenuous. The Court sees this as another blatant attempt by Defendant to flaunt the federal rules and stonewall the discovery process. Defendants spend an significant portion of their responsive brief complaining about Plaintiff's "gamesmanship" in discovery (*see* Doc. 93, at 2-5) – an issue which is wholly irrelevant to whether or not <u>Defendants</u> have provided sufficient discovery responses. Defendants would have been better served to direct that effort at actually responding to the issues in Plaintiff's motion, or better yet, towards providing adequate discovery responses.

**J.     Sanctions.**

An award of sanctions in a discovery dispute is governed by Fed.R.Civ.P. 37, which provides in relevant part that

> [i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – **the court must**, after giving an opportunity to be heard, **require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees**. But the court must not order this payment if:
> > (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii) the opposing party's nondisclosure, response, or objection was substantially

>justified; or
>(iii) other circumstances make an award of
>expenses unjust.

(Emphasis added.)  See also ***Torres v. Bodycote Intern, Inc.***, No. 13-1245-EFM-KGG, 2014 WL 559070, *1-2 (D. Kan. Feb. 13, 2014); ***Kear v. Kohl's Dept. Stores, Inc.***, No. 12-1235-JAR-KGG, 2013 W 3088922, *6 (D.Kan. June 18, 2013).

The purpose of sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. ***National Hockey League v. Metropolitan Hockey Club, Inc.***, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).  "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer."  ***White v. GMC***, 908 F.2d 675, 685 (10th Cir.1990).

Based on the foregoing analysis, the Court finds that Defendant's position in regard to these discovery disputes was not only unreasonable, but in blatant disregard of the rules and spirit of discovery.  As discussed above, Defendants flouted the conferral process, often intentionally misleading Plaintiff as to their intentions regarding the discovery at issue.  Defendants failed to provide the necessary privilege log.  Defendants nonsensically argued it was impossible for them to respond to document requests – seeking items in their possession, custody,

or control – until they received discovery responses from Plaintiff. In their responsive brief, Defendants made no attempt to support the boilerplate objections they raised, but rather complained about Plaintiff's "gamesmanship," which is entirely irrelevant to the issues raised in Plaintiff's motion. Defendants have wholly failed to provide the Court with any – let alone *substantial* – justification for their inaction in regard to the discovery at issue.

Plaintiff, laudably, did not request sanctions in the present motion. Before the Court awards sanctions *sua sponte*, Defendants are entitled to their "opportunity to be heard." Fed.R.Civ.P. 37. Defendants are, therefore, ordered to file a memorandum to show cause as to why sanctions should not be awarded on or before **September 12, 2014**. Plaintiff may file a response within **seven (7) days** thereafter. No reply shall be filed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 75) is **GRANTED** as more fully set forth above. Although the Court notes that Defendants have provided supplemental discovery responses since the filing of Plaintiff's motion (Doc. 110), Defendants are **ORDERED** to provide additional supplemental discovery responses consistent with the terms of this Order, without objection, **within thirty (30) days of the date of this Order**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 5th day of September, 2014.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge