IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EVERLAST WORLD'S BOXING HEADQUARTERS CORPORATION,<br><br>        Plaintiff,<br><br>RINGSIDE, INC., *et al.*,<br><br>        Defendants. | Case No.: 13-2150-CM-KGG |

## **MEMORANDUM & ORDER**

Before the Court is Defendants'[1] Motion for Leave to File Counterclaims and Third-Party Claims (Doc. 113). Because Defendants have not demonstrated good cause to extend the established deadline to amend the pleadings, and because the motion is, therefore, out of time, the motion is **DENIED**.[2]

This action was brought by Plaintiff in 2012 in the Southern District of New York against Defendants Ringside, Combat Brands and RAL. The action against Ringside remains stayed pursuant to a bankruptcy filing in Kansas in 2012. The case was transferred to the District of Kansas in March, 2013. In December 2013, Plaintiff obtained leave to amend its complaint to add claims against Defendants

---

[1] Other than Ringside, against which the proceedings are stayed.

[2] Because the Court finds that the motion should be denied as untimely, this opinion will not address Plaintiff's argument that the motion should be denied because the requested amendments are futile.

Brown and Orman. By the end of January 2014, all Defendants had entered appearances and filed Answers.

The first Scheduling Order was entered on January 28, 2014, which included an April 11, 2014, deadline to file motions to join additional parties or amend the pleadings was established. (Doc. 48.) On that date, Defendants filed a motion to extend that deadline, arguing that it could not be met due to the failure of the Plaintiff to comply with discovery requests. (Doc. 62.) That underlying discovery dispute was the subject of a Motion to Enforce Discovery and for Sanctions (Doc. 51) filed on March 7, 2014. The motion to extend the deadline requested an extension until 21 days after the Court denied the motion, or 21 days after the Plaintiff complied with an Order granting the discovery motion. On June 10, 2014, the Court denied the requested extension, without prejudice, as premature, but ruled that the request could be renewed after Defendants' receipt and evaluation of any discovery produced as a result of the pending discovery motion. (Doc. 70).

On June 23, 2014, the Court granted the motion to compel, and ordered that Plaintiff comply with the discovery requests within 30 days (July 22, 2014). (Doc. 71.) In the present motion (Doc. 113), Defendants state they received documents by August 18, 2014. Defendants claim that the newly received discovery "has been necessary for defendants obtained information that would enable them to

make a decision as to whether to file a motion for leave to amend or add parties and to state counterclaims." The present motion to file an amended pleading was filed on September 5, 2012. (Doc. 113.)

The proposed pleading (Doc. 113-1) alleges counter-claims and a proposed new third-party Defendant, Joe Taylor, who was a previous employee of Defendant Ringside. The essential allegations are that Plaintiff and Taylor entered into a secret amendment to the contract between Ringside and Plaintiff, and conspired to harm Defendants by bring this lawsuit. Defendants wish to allege unlawful restraint of trade, civil conspiracy, breach of fiduciary duty and indemnity. Defendants urge standing either for direct injuries or under a claim that the Ringside causes of action were previously assigned to Defendants.

In response, Plaintiff argues that the requested amendment is out of time and futile. Plaintiff points out that Defendants are not arguing that they needed the additional time and discovery to determine whether they *had* a counterclaim, but to determine whether they *should bring* any counterclaims. Plaintiff presents evidence and argument that Ringside, represented by the same counsel as the current Defendants, alleged in 2012 that Taylor and Plaintiff entered into the alleged secret contract amendment. Plaintiff cites a 2013 affidavit from a previous officer of Defendant Combat Brands stating that he had "good reason" to believe

3

that Taylor and Everlast were conspiring to harm Ringside.

In reply, Defendants repeat that the new discovery was necessary for them to "make a decision" whether to file the motion to amend. They also argue:

> In its opposition, plaintiff takes pains to argue that Combat Brands states the same factual basis for its proposed counterclaim now as that asserted by Ringside in the Johnson County action. Missing from that case, however, is the key element of the proposed counterclaims: Everlast's active participation and conspiracy with Mr. Taylor to craft and execute the Secret Amendment.
> While plaintiff states that defendants had 'knowledge of the facts giving rise to their purported claims . . . long before the April 14, 2014 deadline,' that is hardly the case. To the contrary, all that defendants had was a former Ringside employee's mere suspicion that something may have been going on between Everlast and Taylor. Defendants did not have facts at that time to support any connection between Everlast and Taylor. Additionally, defendants did not have facts sufficient to state its Kansas Restraint of Trade Act claim – a point not even raised by plaintiff in its Opposition.

(Doc. 117, at 3.) Defendants make no attempt, however, to demonstrate to the Court what new evidence was produced in the recent discovery that was unknown to them before and which provided the support for the current amendment.

Defendants previously moved to extend the deadline to amend pleadings, alleging the need to review unproduced discovery. The Court denied the motion as premature, but allowed that the motion could be renewed after Defendants'

4

reviewed the forthcoming discovery.  If, therefore, the new discovery revealed evidence which exposed a counterclaim not previously known, or which was previously too unsupported by evidence to be fairly plead, the Court will consider the deadline amended for "good cause" for that purpose, within the meaning of Fed. R. Civ. Procedure 16(b)(4).  If, however, the claimed amendment is based on information and claims known at the time of the original deadline, there is no "good cause" to amend the deadline, and the request is out of time.

In its response, Plaintiff cited evidence establishing that the "new" claims have long been part of this case.  Defendants do not refute this evidence, but simply assert without evidentiary support that the recent discovery disclosed important evidence.  Defendants make no effort to explain to the Court what this not-previously-known new evidence is, or how those facts elevated the proposed claims from ones insufficiently supported by facts to plead to factually supported claims.

Defendants' unsupported assertions are insufficient to establish good cause. Neither is good cause established by a claim that new evidence helped them "make a decision" whether to file a claim.  A desire for tactical delay is not good cause.  If Defendants had a claim which could have been brought in a timely manner, they were not entitled to delay the lawsuit by waiting to file the new claim (and add a

new party) at a time which suits them, and at a time when the addition (particularly of the new party) will certainly cause a substantial delay in the conclusion of the case.

The Motion to Amend (Doc. 113) is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 7th day of November, 2014.

                                       S/ KENNETH G. GALE
                                       KENNETH G. GALE
                                       United States Magistrate Judge