IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EVERLAST WORLD'S BOXING ) <br> HEADQUARTERS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> RINGSIDE, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 13-2150-CM-KGG |

**ORDER AWARDING OFFSETTING SANCTIONS**

Two matters concerning the imposition of sanctions remain for resolution. In its Memorandum and Order on Defendants' Motion to Enforce Discovery and for Sanction (Doc. 71) this Court granted Defendants' motion for the imposition of sanctions under Fed.R.Civ.P. 37 because Plaintiff's position in regard to the vast majority of issues in that motion was unreasonable and not substantially justified. The Court ordered that Defendants submit a verified accounting of their attorney feels and expense for the Court's consideration in the award of sanctions. In response, Defendants submitted a Bill of Costs (Doc. 78) to which Plaintiff filed a response (Doc. 79). The Court ordered that additional information be submitted (Doc. 87) which was provided (Doc. 101). Plaintiff filed a response to that submission (Doc. 107). The Court has considered these submissions.

In the meantime, the Court reviewed and ruled upon a motion to compel filed by Plaintiff (Docs. 111, 112).  In granting that motion, the Court found that Defendants' position with regard to that motion was "not only unreasonable, but in blatant disregard of the rules and spirit of discovery." (Doc. 112, at 12.) Plaintiff's did not request sanctions as to that motion, but the Court ordered Defendants to show cause why sanctions should not be awarded.  In their response to the Order to Show Cause, Defendants essentially argue that the voluminous requests for documents required additional time. Plaintiff filed a response (Doc. 116) asking to provide fees information which the Court has considered.

Defendants' response to the Order to Show Cause does not justify the unreasonable positions taken in their responses and their arguments to the Court. Neither does a need for more time justify the positions taken in the motion.  A need for time justifies a request for more time by a proper motion, not obstruction of the process by taking unreasonable positions in discovery responses or in response to motions.  The Court finds that sanctions should be imposed on Defendants, also, under Fed.R.Civ.P. 37.  Thus, the Court is in the position of deciding the appropriate amount of sanctions to be awarded to Defendants under its initial sanctions award and the appropriate amount to award Plaintiff under this more recent ruling.

This case has been plagued, in the Court's assessment, by needless and

wasteful jousting over matters which do not bring this matter closer to resolution.[1] The Court is required to construe and administer the Rules "to secure the just, speedy and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Ordering a fees and costs submission by Plaintiff at this point, thus inviting another round of litigation, will not accomplish those goals.  Rather, the Court finds that the purpose of a sanctions award may accomplished by awarding Plaintiff, as a sanction against Defendants, the vacation of the unliquidated sanctions order against Plaintiff in favor of Defendants.  In a more vernacular description, the Court declares "off-setting penalties."[2]

**WHEREFORE**, sanctions are awarded for and against both parties in an unliquidated, but equal, amount.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 12th day of January, 2015.

                                              S/ KENNETH G. GALE
                                              KENNETH G. GALE
                                              United States Magistrate Judge

---

[1] The Court has considered the other discovery disputes in this case, including the Court's recent ruling (Doc. 132), in arriving at the resolution herein.  Additional motions and requests for sanctions based on motions filed to date are strongly discouraged.

[2] National Football League Rule 14, Section 3.