# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EVERLAST WORLD'S BOXING )
HEADQUARTERS CORPORATION, )
                              )
         Plaintiff, )
                              )   Case No.: 13-2150-CM-KGG
RINGSIDE, INC., *et al.*, )
                              )
         Defendants. )
_____ )

## MEMORANDUM & ORDER ON
## PLAINTIFF'S MOTION TO SHOW CAUSE

Before the Court is the "Motion for Order to Show Cause why Defendants Should not be Held in Contempt of Court" (Doc. 139) filed by Plaintiff. For the reasons set forth below, Plaintiff's motion is **DENIED**, pursuant to additional instruction set forth herein.

## BACKGROUND

The background of this case has been summarized numerous times as a result of the parties' chronic discovery disputes which have resulted in an abundance of Court Orders.

> The present action was filed on July 9, 2012, in the United States District Court for the Southern District of New York. Claims were asserted against the various Defendants for breach of contract, trademark infringement, false designation of origin and unfair competition, trademark dilution, and unjust enrichment. (Doc. 1.) In August 2012, Defendants moved to dismiss

>the Complaint or, in the alternative, transfer it to the District of Kansas.  (Doc. 6.)
>
>Defendant Ringside filed Suggestions of Bankruptcy in November 2012, in the United States Bankruptcy Court for the District of Kansas.  (Doc. 17.)  This triggered an automatic bankruptcy stay.  The present action was transferred to the District of Kansas on March 13, 2013.  (Doc. 22.)
>
>Judge Berger of the United States Bankruptcy Court for the District of Kansas denied the Motion to Enforce Automatic Stay regarding Plaintiff's claims against Defendants RAL and Combat, by Order dated September 27, 2013.  This permitted those counts to go forward in this Court.  (*See* Doc. 37, at 7.)  Plaintiff filed a Motion to Amend the Complaint (Doc. 36) on December 2, 2013, which was granted on December 23, 2013 (Doc. 41).

(Doc. 71, at 1-2; Doc. 112, at 1-2.)

The document requests at issue were served on March 27, 2014 and are the subject of a prior discovery Order by the undersigned Magistrate Judge.  (Doc. 112.)  The procedural background regarding this discovery is contained in that Order and incorporated by reference herein.  (*Id.*, at 2-3.)  Prior to that Order, Defendant Combat Brands produced 99 native files responsive to Requests Nos. 10 and 15.  (Doc. 144, at 2.)  Following the Order, Defendants produced an additional 101 documents.  (*Id.*)[1]

---

[1] The supplemental production by Defendants occurred on October 3, 2014 (Doc. 121).  Yet Plaintiff waited three months (until January 10, 2015) to write a letter to Defense counsel complaining about these alleged deficiencies and until February 18,

Plaintiff now complains that Defendants have not fully responded to Plaintiff's First Set of Document Requests, or the Court's prior Order, thus necessitating a finding that Defendants are in contempt pursuant to Fed.R.Civ.P. 37.  (*See* Doc. 140.)  More specifically, Plaintiff argues that "Defendants did not produce a single primary source document demonstrating Defendants' receipt, transfer, sale or other disposition of Everlast branded merchandise."[2]  (*Id*., at 4.)

Defendants respond that Combat Brands "acquired only pieces" of Ringside and, as such, "there is a significant amount of information that these defendants simply do not have."  (Doc. 144, at 2.)  Defendants contend that because of the various computer files they have produced, Plaintiff has "all of the same *data* that was originally in those primary source documents" and they "have produced all of the information they have that is responsive to the Court's Order."  (*Id*., at 3 (emphasis in original).)

Further, Defendants contend that "Ringside does not appear to have retained

---

more than four months, to file the present motion.  As a consequence the Court is reviewing this motion only a few weeks before the Final Pretrial Conference.  This delay violates at least the spirit, if not the letter, of D. Kan. Rule 37.1(b), which requires motions to compel be filed within 30 days of the alleged default (which would have been November 2, 2014).  The Court is inclined to deny this motion on that basis alone, but will review the merits out of an abundance of caution.

[2] This dispute involves requests for production 10 through 15, which the Court ordered produced in its previous order.

– and therefore defendants did not obtain – the documents that would constitute what plaintiff still seeks in its pending motion: 'primary source document[s]' such as 'purchase orders, invoices, [and] sales confirmations . . . .'" (*Id*. (quoting Doc. 140, at 4).) Defendants did, however, produce additional computer documentation constituting the "bulk of the *digital* information that resided in the sales and order database that Combat Brands acquired . . . ." (*Id*., at 4 (emphasis in original).)

As the Court understands the Defendants' response, Defendants' claim that they have no additional documents to produce. The Court cannot order a party to produce documents which are not within its possession, custody or control. ***Manning v. General Motors***, 247 F.R.D. 646, 652 (D. Kan. 2007) (internal citations omitted). To grant the motion for contempt sanctions, the Court would have to find that the Defendant's are being untruthful in their representations that additional documents do not exist. The Court is unable to make this finding based on the record.

In its reply, Plaintiff claims, with some evidentiary support, that Defendants sold additional subject merchandise after acquiring it from Ringside in 2012. If true, this would leave the absence of documents after that date (which Plaintiff claims is June of 2012) unexplained by Ringside's failure to retain or transfer the document to the Defendants. Because this argument was made in Plaintiff's Reply,

the Court does not have the benefit of Defendants' answer to this specific claim. However, this is easily remedied.

Each Defendant is ordered to prepare and submit to the Plaintiff an affidavit stating (if true) that unproduced documents responsive to the Plaintiff's Requests for Production of Documents which were obtained or created after June of 2012 when Ringside, Inc. stopped doing business are not within its possession, custody or control. If such documents are located, the affidavit will identify the documents and produce them to the Plaintiff, and explain why the documents were not previously produced. A Certificate of Service will be filed with the Court indicating compliance with this Order and including the affidavits as attachments. This will be accomplished within 7 days of the date of this Order.

The motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 6th day of March, 2015.

                                          s/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge