## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EVERLAST WORLD'S BOXING            )
HEADQUARTERS CORPORATION,          )
                                   )
                    Plaintiff,     )
                                   )          Case No.: 13-2150-CM-KGG
RINGSIDE, INC., *et al.*,           )
                                   )
                    Defendants.    )
_____ )

## ORDER ON MOTION FOR PROTECTIVE ORDER

Now before the Court is Plaintiff's Motion for Protective Order (Doc. 141),
seeking to quash a third-party subpoena to Defendant Ringside's former employee,
Joe Taylor.  Having reviewed the submissions of the parties, the Court **DENIES**
Plaintiff's motion.

## FACTS

The facts of this case have been summarized numerous times as a result of
the parties' contentious approach to the discovery process.  (*See* Doc. 151, at 1-2;
*see also* Doc. 133.)

> The present action was filed on July 9, 2012, in the
> United States District Court for the Southern District of
> New York.  Claims were asserted against the various
> Defendants for breach of contract, trademark
> infringement, false designation of origin and unfair
> competition, trademark dilution, and unjust enrichment.
> (Doc. 1.)  In August 2012, Defendants moved to dismiss
> the Complaint or, in the alternative, transfer it to the
> District of Kansas.  (Doc. 6.)

Defendant Ringside filed Suggestions of
Bankruptcy in November 2012, in the United States
Bankruptcy Court for the District of Kansas.  (Doc. 17.)
This triggered an automatic bankruptcy stay.  The present
action was transferred to the District of Kansas on March
13, 2013.  (Doc. 22.)

Judge Berger of the United States Bankruptcy
Court for the District of Kansas denied the Motion to
Enforce Automatic Stay regarding Plaintiff's claims
against Defendants RAL and Combat, by Order dated
September 27, 2013.  This permitted those counts to go
forward in this Court.  (*See* Doc. 37, at 7.)  Plaintiff filed
a Motion to Amend the Complaint (Doc. 36) on
December 2, 2013, which was granted on December 23,
2013 (Doc. 41).

(Doc. 71, at 1-2; Doc. 112, at 1-2.)

## ANALYSIS

Federal Rule of Civil Procedure 26(c) governs protective orders and

provides, in relevant part:

A party or any person from whom discovery is sought
may move for a protective order in the court where the
action is pending.... The motion must include a
certification that the movant has in good faith conferred
or attempted to confer with other affected parties in an
effort to resolve the dispute without court action. The
court may, for good cause, issue an order to protect a
party or person from annoyance, embarrassment,
oppression, or undue burden or expense, including one or
more of the following:
* * *
(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the
disclosure or discovery;
* * *

2

> (D) forbidding inquiry into certain matters, or limiting
> the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order.  *Id.*; ***Sloan v. Overton***, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010).  To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information.  ***Zhou v. Pittsburg State Univ.***, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

Plaintiff argues that the subpoena issued by Defendant to Defendant Ringside's former employee Joe Taylor "does not seek information reasonably calculated to lead to the discovery of admissible evidence, and, therefore can only be intended to annoy, harass, and oppress."  (Doc. 141, at 2-3.)  Plaintiff continues that Taylor "as never been employed by or associated with Combat Brands or RAL, companies that did not even come into existence until many months after Mr. Taylor left Ringside."  (*Id.*, at 3.)  Thus, argues Plaintiff, the information sought is irrelevant.

Defendants respond that certain affirmative defenses contained in their Answer relate to the conduct of Everlast and Joe Taylor.  (Doc. 150, at 3, referencing Doc. 46, at 39-40.)  Defendants note that this Court previously granted their motion to enforce discovery of correspondence, communications, and

documents relating to Mr. Taylor.  (*Id*., at 3-4, referencing Doc. 71.)  Defendants

also argue that Plaintiff's communications with Taylor are "absolutely critical."

(*Id*., at 4.)

> As a result of Everlast's behavior, Mr. Taylor entered
> into unauthorized agreements on behalf of Ringside for
> which Everlast now claims damages from these
> defendants.  The requested evidence may cast doubt upon
> the legitimacy of Everlast's motivations in this action and
> its unclean hands, as well as the lack of consideration for
> the secret amendment to the license agreement entered
> into by Joe Taylor without his employer's knowledge, all
> of which have been raised as affirmative defenses.

(*Id*.)

Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part:

> [u]nless otherwise limited by court order, the scope of
> discovery is as follows:  Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to any
> party's claim or defense-including the existence,
> description, nature, custody, condition, and location of
> any documents or other tangible things and the identity
> and location of persons who know of any discoverable
> matter.  For good cause, the court may order discovery of
> any matter relevant to the subject matter involved in the
> action.  Relevant information need not be admissible at
> the trial if the discovery appears reasonably calculated to
> lead to the discovery of admissible evidence.

 Fed.R.Civ.P. 26(b)(1).

"[T]he scope of discovery under a subpoena is the same as the scope of

discovery under Rules 26(b) and 34." ***Goodyear Tire & Rubber Co. v. Kirk's Tire***

***& Auto Servicenter of Haverstraw, Inc***., 211 F.R.D. 658, 622 (D. Kan. 2003)

(citations omitted).  "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).  The issue is not whether the information will be admissible at trial, but whether it meets discovery threshold of relevancy.

Given the broad definition of discovery relevance, the Court finds that Plaintiff has failed to establish the requisite good cause to quash the subpoena at issue.  Considering the claims and defenses in this lawsuit, the information at issue could reasonably lead to the discovery of admissible evidence.  Plaintiff's motion (Doc. 141) is, therefore, **DENIED**.

**IT IS SO ORDERED.**

Dated this 11th day of March 2015, at Wichita, Kansas.

      s/ KENNETH G. GALE

HON. KENNETH G. GALE

U.S. MAGISTRATE JUDGE