IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EVERLAST WORLD'S BOXING HEADQUARTERS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No.: 13-2150-CM-KGG |
| RINGSIDE, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER ON MOTION FOR PROTECTIVE ORDER

Now before the Court is Plaintiff's Motion for Protective Order (Doc. 146), seeking an Order rescheduling the deposition of Neil Morton to a mutually agreeable time and to occur in New York City, New York. Having reviewed the submissions of the parties, the Court **GRANTS** Plaintiff's motion.

## FACTS

The facts of this case have been summarized numerous times as a result of the parties' contentious approach to the discovery process. (*See* Doc. 151, at 1-2; *see also* Doc. 133.)

> The present action was filed on July 9, 2012, in the United States District Court for the Southern District of New York. Claims were asserted against the various Defendants for breach of contract, trademark infringement, false designation of origin and unfair competition, trademark dilution, and unjust enrichment. (Doc. 1.) In August 2012, Defendants moved to dismiss the Complaint or, in the alternative, transfer it to the District of Kansas. (Doc. 6.)

1

> Defendant Ringside filed Suggestions of Bankruptcy in November 2012, in the United States Bankruptcy Court for the District of Kansas. (Doc. 17.) This triggered an automatic bankruptcy stay. The present action was transferred to the District of Kansas on March 13, 2013. (Doc. 22.)
> Judge Berger of the United States Bankruptcy Court for the District of Kansas denied the Motion to Enforce Automatic Stay regarding Plaintiff's claims against Defendants RAL and Combat, by Order dated September 27, 2013. This permitted those counts to go forward in this Court. (*See* Doc. 37, at 7.) Plaintiff filed a Motion to Amend the Complaint (Doc. 36) on December 2, 2013, which was granted on December 23, 2013 (Doc. 41).

(Doc. 71, at 1-2; Doc. 112, at 1-2; Doc. 151, at 1-2; Doc. 154, at 1-2.)

## **ANALYSIS**

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> \* \* \*
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
> \* \* \*

2

> (D) forbidding inquiry into certain matters, or limiting
> the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).  The party seeking to quash a subpoena must show "good cause" for the requested protective order.  *Id*.; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010).

Plaintiff argues Defendants "unilaterally" set the deposition of Mr. Norton "without consideration of [his] availability or the inconvenience of the place of deposition."[1]  (Doc. 147, at 2.)  Regardless of whether Defendants unilaterally set the deposition, a proposition they dispute, the Court's analysis will take into consideration the issue of convenience.

The undersigned Magistrate Judge has previously required plaintiffs to travel to Kansas for their depositions.  **Almonacid v. Cessna Aircraft Co**., No. 11-1224-MLB-KGG, 2012 WL 1059681, at *1 (D. Kan. March 28, 2012) (internal citations omitted) (requiring plaintiffs residing in Chile to travel to Kansas, the district where the action is pending, for their depositions).  Unlike **Almonacid**, the Plaintiff in the matter before the Court, however, did not choose to bring its claims in the District of Kansas.  The present matter was filed in the Southern District of New York and transferred to Kansas upon Defendants' motion.  (Docs. 1, 22.)

---

[1] Plaintiff also argues that the deposition is untimely given that documents "critical" to the deposition are the subject of Plaintiff's Motion for Order to Show Cause (Doc. 139). The Court has denied that motion, but Ordered certain documents/affidavits be produced on or before March 13, 2015. (Doc. 151.)  As such, this portion of Plaintiff's argument is moot.

> As a general rule, a plaintiff must make himself available for examination in the district in which he brought suit. ***Clayton v. Velociti, Inc.***, 08–2298–CM–GLR, 2009 WL 1033738 (D. Kan. April 17, 2009). 'Since the plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.' ***Stubbs v. McDonald's Corp.***, No. 04–2164–GTV–DJW, 2005 WL 375662, at *1 (D.Kan. Jan. 26, 2005).

***Almonacid***, 2012 WL 1059681, at *1.)

Given the circumstances in the present matter – wherein the case was originally filed in New York and transferred, by Defendants, to Kansas – the Court will not require Morton to travel to Kansas for his deposition. Rather, the deposition will occur in New York City at Plaintiff's principle place of business. ***Building Erection Servs. Co., L.C. v. American Bldgs. Co***., No. 09-2104-CM-DJW, 2010 WL 135210, at *2 (D. Kan. Jan. 13, 2010).

Defendants also argue that Plaintiff provides no supporting affidavit to establish that Plaintiff's principle place of business is New York and that it would be inconvenient for Morton to have his deposition taken in Kansas. The Court is not persuaded by this argument. Plaintiff's Complaint specifically enumerates its principle place of business as 183 Madison Ave., New York, NY. (Doc. 1, at 3.) Further, the Court takes judicial notice that it would be inconvenient for anyone to travel approximately 1,400 miles for a deposition.

Defendants further contend that the motion should be denied because Plaintiff failed to comply with D. Kan. Rule 37.1, requiring a copy of the

deposition notice to be attached to the motion. According to Defendants, this can complicate the Court's ability to determine what to compel. (Doc. 152, at 2.) Although it would have been ideal for the deposition notice to be attached the motion, the Court had little trouble finding the deposition notice a mere three entries above Plaintiff's motion in the case docket. (Doc. 143.)

Plaintiff's motion (Doc. 146) is, therefore, **GRANTED**.

**IT IS SO ORDERED.**

Dated this 11th day of March 2015, at Wichita, Kansas.

                                           S/ KENNETH G. GALE
                                           HON. KENNETH G. GALE
                                           U.S. MAGISTRATE JUDGE